UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Hon. Thomas J. McAvoy |
| ) | U.S. Senior District Court Judge |
| CORBIN DOUGLAS, SR., ) | Case No. 3: 07-CR-68 |
| ) | |

**SENTENCING MEMORANDUM**

**Preliminary Statement**

Corbin Douglas, Sr. comes before this court for sentencing following his conviction on August 7, 2007, of counts: 1, 2, 3, 4, 5, 6, 8, 9 and 10, of a 10 count indictment, for charges related to the possession and distribution of controlled substances, having been found not guilty, by the jury, of count 7. After the trial the Court granted defendant's rule 29 motion as to count 6, thereby vacating the verdict of the jury as to that count.

Mr. Douglas discharged his trial counsel from the Office of the Federal Public Defender and sought the appointment of new counsel for sentencing. Present counsel was appointed from the CJA panel and appears on behalf of the Defendant, at the sentencing phase of what is clearly a complicated case involving extensive contested testimony.

Counsel for the United States (herein after, the government) has filed a sentencing memorandum cataloguing the findings of the Presentence Investigation Report (PSR) with

1

particular emphasis upon urging the Court to apply the Sentencing Guidelines calculations referenced in the PSR, which resulted in a total offense level of 40, plus additional enhancements not recommended by the PSR.  Specifically, the government wants enhancements for an additional vulnerable victim beyond that of the deceased child, Corbin Douglas, Jr., for the involvement of the defendant's sister.  In addition, the government wants the application of a +2 enhancement for Obstruction of Justice, based upon un-indicted conduct involving intercepted telephone conversations while the defendant was in jail and was speaking to his mother.

Counsel for the defendant respectfully requests that the Court depart from the recommendations under the Sentencing Guidelines and to impose a sentence no greater than the 20 year mandatory minimum provided for in count five, which is sufficient but not greater than necessary to serve the purposes of sentencing.

I.      THE COURT'S SENTENCING AUTHORITY AND DUTIES..

This court has a great deal of discretion when determining an appropriate sentence for Corbin Douglas, Sr.  Recent case law directs the court to give renewed significance to all of the factors found under 18 U.S.C. §3553(a), most of which were rendered meaningless by the mandatory sentencing guidelines, and the trial court's sentencing mandate to impose a sentence "*sufficient, but not greater than necessary*" to satisfy the statutory purposes of sentencing.  The court is no longer bound by the sentencing guidelines or the policy statements presented in those guidelines; indeed, when a guideline sentence would be greater than necessary to serve the purposes of sentencing, it could not be legally imposed.  Case by case, the court can look to the true nature of an individual's conduct and carefully analyze all factors, including the individual's complete history and characteristics, that might have bearing upon sentencing, not only the

limited information upon which the guidelines focus (i.e. offense levels based little on highly relevant information related to the nature and circumstances of the offense, and criminal history with no concern for non-criminal "history and characteristics" of a defendant).

      **A.     The Court is required to consider all factors under 18 U.S.C. §3553(a).**

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holdings in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) apply to the federal sentencing guidelines, concluding that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

United States v. Booker, 124 S. Ct. 738, 756 (2005). The remedial majority in Booker severed and excised those portions of the Sentencing Reform Act of 1984 that made the guidelines, and the sentencing range computed therein, mandatory, "mak[ing] the Guidelines effectively advisory." Id. at 757.

Post Booker, courts must treat the guidelines as just one of a number of sentencing factors under 18 U.S.C. §3553(a). A sentencing court's primary responsibility is to follow the mandate of the "parsimony clause" within §3553(a): to "impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in paragraph 2." 18 U.S.C. §3553(a) [emphasis added].

The Second Circuit has "recognized that district courts are to impose sentences pursuant to the requirements of §3553(a)–including the requirements of §3553(a)'s parsimony clause– while appellate courts are to review the sentences actually imposed by district courts for reasonableness." United States v. Williams, 475 F.3d 468, 476-477 (2d Cir. 2007), citing United

States v. Ministro-Tapia, 470 F.3d 137, 138 (2d Cir. 2006).

    The purposes to be served by a "sufficient, but not greater than necessary" sentence are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2).

    In determining the minimally sufficient sentence, the statute further directs the courts to consider, in addition to the purposes in paragraph 2 and the sentencing guidelines and policy statements, the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>                   \* \* \*
> (3) the kinds of sentences available;
>                   \* \* \*
> (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

    Section 3582 then directs the court, "in determining whether to impose a term of imprisonment... [to] consider the factors set forth in section 3553(a) ... ***recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation***." 18 U.S.C. §3582(a) [emphasis added].

    In United States v. Crosby, the Second Circuit recognized the increased significance of §3553(a) factors in light of the remedy in Booker:

> Prior to Booker/Fanfan the section 3553(a) requirement that the sentencing judge 'consider' all of the factors enumerated in that section had uncertain import because subsection 3553(b)(1) required judges to select a sentence within the applicable guideline range unless the statutory standard for departure was met. Now, with the mandatory duty to apply the guidelines excised, the duty imposed by section 3553(a) to "consider" numerous factors acquires renewed significance.

United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2004).

The Supreme Court in Rita recently provided further guidance on the weight to be accorded the sentencing guidelines, determining that even though, on appeal, a presumption of reasonableness may be read into the guidelines, there is no such presumption before the District Court. Rita v. United States, 127 S. Ct. 2456 (2007). The Court clarified that the District Court must independently evaluate whether a sentence consistent with the guidelines complies with the mandate of 18 U.S.C. §3553(a). Id. The Court explaining that the presumption of reasonableness in the appellate court contemplates that "*both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case"; it does not arise from deference given to the guidelines. Id. at 2465 (emphasis in original).

The directives of Booker and §3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the §3553(a) factors, many of which the guidelines either reject or ignore." United States v. Ranum, 353 F. Supp. 2d at 985-86. As Judge Gertner has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." United States v. Jaber, 362 F. Supp. 2d 365, 371 (D. Mass.

March 16, 2005) (Gertner, J.).

> Justice Scalia explained the point well in his dissent from <u>Booker</u>'s remedial holding:
>
> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise--if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed--its opinion would surely say so.

<u>Booker</u>, 125 S. Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the §3553(a) factors, not just the guidelines, in determining a sentence that is "sufficient but not greater than necessary" to meet the goals of sentencing. Where the guidelines conflict with other sentencing factors set forth in §3553(a), these statutory sentencing factors should generally trump the guidelines. <u>See</u>, <u>United States v. Denardi</u>, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since §3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

**II.    THE COURT SHOULD IMPOSE A SENTENCE NOT GREATER THAN THE STATUTORY MANDATORY MINIMUM, WHETHER PURSUANT TO A GUIDELINES DOWNWARD DEPARTURE OR IN LIGHT OF ALL OF THE FACTORS UNDER 18 U.S.C. §3553(a).**

*A.    History and Characteristics of Defendant*

The PSR has reported the significant factors, both mental and emotional, that has had an impact on the defendant's behavior and resulted, in part, on his involvement in this case.

*B.    The nature and circumstances of the offense.*

The Court is familiar with the facts of this case and that Mr. Douglas has asserted his innocence throughout every stage of the proceedings. It was for this reason, and in anticipation of his desire to appeal his conviction, that Mr. Douglas expressed a reluctance to participate in the preparation of the PSR.

*C.    The kinds of sentences available and purposes of sentencing to be served.*

*Guidelines computation*

Further, for purposes of preservation of the record, Mr. Douglas objects to the scoring of enhancements at paragraphs 27 and 29 (enhancement for obstruction discussed but not recommended) of the PSR based upon facts not pled in the indictment and/or neither admitted by him nor proved beyond a reasonable doubt. In addition, the government seeks an

enhancement for Obstruction of Justice, based upon phone conversations with the defendant's mother that, allegedly, involve an attempt by the defendant to cause her to give false and misleading testimony. Counsel suggests that these conversations, when taken in their entirety do not support such a conclusion.

Since the purposes of sentencing would not be better served under the circumstances by a sentence of imprisonment consistent with the guidelines range recommended in the PSR than a sentence at the 20 year minimum, Mr. Douglas asks for the Court to impose the statutory minimum. The reality is that a 20 year sentence of imprisonment would be an extremely severe sentence in any event, and one amounting to "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2" of §3553(a).

## CONCLUSION

Taking into consideration all of the applicable factors and considerations under 18 U.S.C. §3553(a) and related statutes, Mr. Douglas respectfully requests that the Court impose a sentence not greater than the statutorily required minimum of 20 years.

Date: December 17, 2007                                    William P. Sellers IV


By:     */s/William P. Sellers IV*
        William P. Sellers IV
        Bar #302772
        202 E. State Street
        Suite 404
        Ithaca, NY 14850
        Tel: (607)-342-2185
        **Sellers 205@htva.net**

To:    United States District Court Clerk
        Miroslav Lovric, Esq., AUSA
        Bruce D. VanTassel, USPO

## CERTIFICATE OF SERVICE

      I, Timothy E. Austin, Esq., attorney of record for the above-named defendant, hereby certify that on November 9, 2007, I electronically filed the foregoing Sentencing Memorandum with exhibits with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Thomas Spina, Assistant U.S. Attorney, and I served the same upon USPO Edward Cox by emailing a .pdf copy of the same to  Ed_Cox@nynp.uscourts.gov..

DATED:      November 9, 2007              ALEXANDER BUNIN
                                                                       Federal Public Defender

                                                     By:   */s/Timothy E. Austin*
                                                                  Timothy E. Austin, Esq.
                                                                  Assistant Federal Public Defender
                                                                Bar No.: 508098
                                                               39 North Pearl St., 5th Floor
                                                                Albany, NY 12207
                                                                Tel: (518)436-1850
                                                                Fax: (518)436-1780
                                                               tim_austin@fd.org