"ORIGINAL"

AO 243
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT.
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Northern District of New York | |
|---|---|---|
| Name of Movant Corbin Douglas Sr. | Prisoner No. #14191-052 | Docket No. Criminal #07-cr-00068(TJM) |
| Place of Confinement United States Penitentiary Canaan/ Waymart PA | | |

(include name upon which convicted)

UNITED STATES OF AMERICA        v.        Corbin Douglas Sr.
(full name of movant)

U.S. DISTRICT COURT · N.D. OF N.Y.
FILED

MAY 21 2010

AT_____O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

MOTION

United States Court

1. Name and location of court which entered the judgment of conviction under attack

Of Appeals for the Second Circuit (Northern District of New York

2. Date of judgment of conviction __August 16, 2007__

3. Length of sentence __30 years__

4. Nature of offense involved (all counts) Count(1) Poss/distribute heroin §21:841(a)
Count(2) Poss/dist morphine 21:841(a)(1) Count(3) Distribute morphine
to minor (21:859.841(a)(1) Count(4) Poss/ditr heroin, morphine to minor
21:859-841 Count(5) Poss/dist morphine/hydromorphine resulting in death
21:841(b)(1)(c) Count(6) Distribution of Olanzapine 21:331(k) Count(7)
Dist. of morphine Count(8) poss of heroin, morphine, ocycodone 21:844
Count(9) poss of heroin, marijuana, ecxstacy, morphine 21:844 Count(10) poss of morphine
21:844(a)

5. What was your plea? (Check one)
   (a) Not guilty [X]
   (b) Guilty [ ]
   (c) Nolo contendere [ ]

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
Not guilty on all counts entered (pre-trial)

6. Kind of trial: (Check one)
   (a) Jury [X]
   (b) Judge only [ ]

7. Did you testify at the trial?
   Yes [ ] No [X]

8. Did you appeal from the judgment of conviction?
   Yes [X] No [ ]

(1)

AO 243
REV 6/82

9. If you did appeal, answer the following:

(a) Name of court   United States Appeal court (second circuit) N.D.N.Y.

(b) Result   Denied

(c) Date of result   June 29, 2009 (denial order attached)

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court   None

(2) Nature of proceeding _____

(3) Grounds raised   None

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result   None

(6) Date of result   None

(b) As to any second petition, application or motion give the same information:

(1) Name of court   None

(2) Nature of proceeding _____

(3) Grounds raised   None

②

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result _____ None _____

(6) Date of result _____ None _____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court _____ None _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____ None _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result _____ None _____

(6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.      Yes ☐ No ☒

(2) Second petition, etc.     Yes ☐ No ☒

(3) Third petition, etc.      Yes ☐ No ☒

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    This is first §2255 after direct appeal
_____

_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.



AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The conviction was obtained. By using double jeopardy under the "duel sovereignty" of federal and state authority.

Supporting FACTS (tell your story *briefly* without citing cases or law): Petitioner was aquitted in a murder trial in the state court for the same exact charges, contained in the federal indictment.... see attached brief this space too small for the complete issue.

B. Ground two: The trial judge/court "constructively amended" the indictment in its charge to the jury.

Supporting FACTS (tell your story *briefly* without citing cases or law): The court/judge "changed" the elemets of the indictment couts.  No one knows what drugs killed the minor child.  Or what drugs petitioner guilty of for conviction/ sentence.  Due to the (constructive amendment) done by the court. (see attached brief) space too small for comlete issue).

C. Ground three: The federal indictment counts (outside) of ground one (duel sovereignty/double jeopardy) contains three sets of double jeopardy

Supporting FACTS (tell your story *briefly* without citing cases or law): (Counts 2&3 are double jeopardy) (counts 4&5 are double jeopardy) (counts 8, 1, 2,3,4,5,6, are double jeopardy)  In count 8, the same drugs as "simple poss" for counts 1,2,3,4,5,6, dist/poss counts.  See attached brief, space too small for comlete issue.

(4)

AO 243
REV 6/12

D. Ground four:   S.Ct cases (Apprendi) and (Booker-Fan Fan) caselaw

Constitutional and statutory safeguards were ignored and violated for

the drug types and amounts.   No! drug amounts exist

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

on the face of the indictment or at (trial/sentencing) for this

petitioner at bar. (See attached brief, space too small for complete

issues)✗✗ "Additionally three other issues exist". See attached brief

this form has only space for (4) issues.  The other three issues are

1)  General jury verdict for multiple drug types, 2) Denial of a fair

trial, 3)  Ineffective assistance of counsel pre-trial, at trial, at

sentencing and on direct appeal.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so
presented, and give your reasons for not presenting them: The grounds not previously presented

were due to ineffective assistance of counsel on appeal the only isue

presented before was the duel sovereignty issue.  The appeal lawyer did

not fully present it to the appeal court properly.  Nor expand the

record to show the state/federal "collusion".

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:        Timothy E. Austin (Attorney), Paul Evangelista (Attorney)
               Assistant federal public defender Bar #508098
(a) At preliminary hearing
39 North Pearl St. 5th fl., Albany, N.Y. 12207 Tel# (518) 436-1850

Fax# (518) 436 1780, Email: tim.austin@fd.org

(b) At arraignment and plea _____
                              SAME

                              SAME
(c) At trial _____

                              SAME
(d) At sentencing _____

AO 243
REV 6/82

(e) On appeal _____ SAME _____

(f) In any post-conviction proceeding _____ Pro-se for present §2255 _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ None yet _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____ NONE _____

(b) Give date and length of the above sentence: _____ NONE _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_Corbin H Douglas_
Signature of Attorney (if any)
Corbin Douglas Sr. (Pro-se)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

April 25, 2010
(date)

_Corbin H Douglas_
Signature of Movant
Corbin Douglas Sr. (Pro-Se)

⑥

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK

Cobin Douglas Sr.            *
            Petitioner      *
                             *  Criminal indictment #07:cr:00068
    -vs-                      *
                             *  "First" - §28:2255 Habeas Corpus Writ
United States Of America     *
            Respondent       *

## PROCEDURAL HISTORY OF THE CASE

The petitoner, Corbin Douglas Sr, was indicted in a New York state
prosecution arising out of the death of his (14) month old son, Geo
Corbin Jr.  The toddler died suddenly on February 27, 2005.  The
post mortem disclosed morphine in his blood, as well as other drugs
in his liver, his hair traces indicated several other drugs were
in his system.  Petitioner, corbin Douglas Sr. was charged with
count one:  murder 2nd degree "depraved indifference" - and count
two:  manslaughter.  In that he allegedly put morphine in his son's
bottle to tranquilize him during a period when he was the child's
primary daytime care giver.

The state attempted to prove, Corbin Sr, was the cause of , Corbin
Jr., death.  By allegedly using his mother's prescription opiates to
poison his son.  According to the state prosecution, petitioner
pillfered drugs from his mother's prescriptions principally morphine
and oxycodone hydrochloride.

The New York state jury "acquitted" petitioner in December of 2005 of
the charges of count one: murder 2nd and count two: manslaughter
allegedly arising from petitioner placing morphine and other drugs
into his son's feeding bottle.  "See exhibit"b" - attached".  Which is
the state indictment.

1

Over a year later the federal government indicted petitioner on February 1, 2007 and charged petitioner in a ten count indictment which contained (7) counts of drug distribution and (3) counts of drug possession "see" Exhibit "a" - attached. Which is the federal indictment.  The counts of the federal indictment reads:

Count 1 - Distribution of Heroin - that "in and about February of 2005, in the Northern District of New York, defendant... did knowingly, intentionally and unlawfully distibute heroin, a schedule I controlled substance" in violation of USC 841(a)(1) (alleged distribution to Joshua Richheimer);

Count 2 - Distibution of Morphine - that in and about February of 2005, in the Northern District of New York, defendant... did knowingly, intentionally and unlawfully distribute morphine, a schedule II controlled substance" in violation of 21 USC 841(a)(1) (alleged distribution to Kallin Richards);

Count 3 - Distribution of Morphine to a Minor - that "in and about February of 2005, in the Northern District of New York, defendant,... who was at least 18 years of age at the time, did knowingly, intentionally and unlawfully distribute morphine, a schedule II controlled substance, to a minor female under 21 years of age at the time whose identity is known to the grand jury," all in violation of 21 USC 859 (a), and 21 USC 841(a)(1); (alleged distribution to Gillian Douglas, defendant's 14 year old sister, in the same incident dharged in count 2);

Count 4 - Distribution of Heroin, Morphine, Oxycodone, and Hydromorphone to a Minor - that "in and about February of 2005, in the Northern District of New York, defendant,... who was at least 18 years of age at the time, did knowingly, intentionally and unlawfully distribute heroin, a schedule I controlled substance, and morphine, oxycodone,

and hydromorphone, schedule II controlled substances, to a person under 21 years of age at the time, a male infant whose identity is known to the grand jury," all in violation of 21 USC 859(a), and 21 USC 841(a)(1); alleged distribuition to the defendant's son Corbin Douglas Jr.);

Count 5 - Distribution of Morphine, and Hydromorphone resulting in death - that "in and about February of 2005, in the Northern District of New York, defendant, who was at least 18 years of age at the time, did knowingly, intentionally and unlawfully distribute morphine and hydromorphone, Schedule II controlled substances, and death resulted from the use of said morphine and hydromorphone," all in violation of 21 USC 841(a)(1), and 21 USC 841(b)(1); "the defendant is subject to the penalty provisions of title 21, United States code, Section 841(b)(1)(c) as a result of death resulted from the use of the controlled substances;" (alleged distribution to defendant's son Corbin Douglas Jr. causing his death);

Count 6 - Distribution of Olanzapine - "in and about February of 2005, in the Northern District Of New York, defendant... did knowingly, intentionally and unlawfully distribute and dispense olanzapine, a drug available only by prescription, after it had been shipped in interstate commerce and held for sale and without having a prescription, and which thereby resulted in the drug being misbranded." all in violation of 21 USC 331(k), 353(b)(1), and 333.  (distribution to defendant's son Corbin Douglas Jr.);

Count 7 - Distribution of Morphine - that "in and about 2002, in the Northern District of New York, defendant... did knowingly, intentionally and unlawfully distribute morphine, a schedule II controlled substance" in violation of 21 USC 841(a)(1); (distribution to Elicia Longcor);

Count 8 - Possession of Heroin, Morphine, Oxycodone and Hydromorphone -

3

that "in or about February of 2005, in the Northern District of New
York, defendant... did knowingly, intentionally and unlawfully possess
heroin, a schedule I controlled substance and morphine, oxycodone,
and hydromorphone, schedule II controled substances," all in violation
of 21 USC 844(a);

Count 9 - Possession of Heroin, Marijuana, 3,4 ethylenedioxymethamphet-
amine (MDMA also referred to as Ecstacy), Morphine, Oxycodone, Hydromor-
phone, Cocaine, and Fentanyl - that "in and about February of 2004, in
the Northern District of New York, defendant... did knowingly, intent-
ionally and unlawfully possess heroin, marijuana 3, 4... MDMA, also
referred to as ecstacy, schedule I controlled substances, and morphine,
oxycodone, hydromorphone, cocaine, and fentanyl, schedule II controlled
substances," all in violation of 21 USC 844(a);

Count 10 - Possession of Morphine - that "in and about December of
2002, in the Northern District of New York, defendant... did knowingly,
intentionally and unlawfully possess morphine, a schedule II controlled
substance" in violation of 21 USC 844(a);

The federal case was admittedly brought not as a discrete drug
case, but rather to again place appellant in jeopardy for the death of
his son, this time in the guise of drug distribution charges causing
the baby's death in counts 4 and 5, the top charges in the federal
indictment. There was no question that the instant prosecution was
driven by failure of the NYS jury to convict appellant of administering
drugs to his son which killed him, and the determination of the federal
prosecutor to vindicate the NYS prosecution, again placing the appellant
in jeopardy for responsibility in the death of his son; in so doing;
the federal prosecutor made no secret of his intention not to make the
same mistakes as his NYS counterpart made in the failed NYS prosecution.
(trial transcript - 488, L 1-15)

The investigation and trial transcripts of the prior NYS aquittal
were part of the discovery package delivered by the Federal prosecutor

4

to the defense; and the court recognized the close connection between the two cases by making a pre-trial ruling that the testimony in the NYS trial could be referenced as "a prior proceeding", When the prosecution and defense cross examined witnesses on their testimony in the NYS case (trial transcript 401 L 21-21) The government case was based on testimony by the same exact witnesses who had testified in the NYS aquittal. All of the witnesses, but for the baby's mother, Elicia Longcor, in one way or another, were illegal drug pushers and users.

All of them had access to the apartment where the baby lived with his parents in the month or so before his death. Each could have contributed to a lethal environment 4 opiate pills accidently dropped into carpeting and furniture cushions, for example - any of which could have been found by the curious toddler who then could have placed these substances into his mouth. Alternatively, argued the Government, the appellant was systematically sedating his son with morphine spiked baby bottles over time; but no witnesses supported that theory; nonetheless, a proper inference argued the governement - appellant was the care giver for the toddler, it was his apartment, the drug pushers and users were persons of his acquaintance who came to his apartment to do drugs with him; it then followed according to the government, that any one of them, or all of them collectively were responsible for the lethal environment but appellant as father and care giver should be deemed most responsible. There was no charge of lethal environment; as there could not be under the federal codes; if anything, that theory was subsumed in the NYS prosecution based on unintentional murder, and manslaughter, charges of which the appellant was acquitted.

This was the case that went to the federal jury - a jury that acquittted appellant of count seven, but convicted him of the top counts (4 and 5), and on the remaining distribution and possession counts. (Trial transcripts 1540-1542) Judge McAvoy granted the defense post-trial motion for acquittal and/or a new trial, as to count six, but denied the motion as to the remaining counts.

5

Appellant was sentenced to a 360 month prison term on count 5, with
lesser sentences on the remaining counts, all to be served concurrently.
(Trial transcripts 1756-1758).  Defendant appealed his conviction and
sentence by filing a timely notice of appeal.

The direct appeal was denied on, June 29th, 2009.  Attached as
exhibit "d" is the second circuit appeal denial order.  Petitioner
then filed this instant §28:2255 writ of habeas corpus before this
court.  The only issue on this §2255 that was presented on direct
appeal is the "dual sovereigns" double jeopardy issue.  Which was not
clearly shown or fully developed by the appeal attorney.  Due to
ineffective assistance of counsel.  The other six issues presented
on this §28:2255 were not presented on direct appeal.

## STATEMENT OF THE SEVEN §28:2255 ISSUES

1) The concept of "dual sovereigns" doctrine prosecutions by both
   the state and federal government were violated.  Amounting to a
   "double jeopardy" prosecution in violation of petitioner's
   constitutional and statutory rights.  When the state/federal
   prosecutors used the state trial as a "tool" or "sham prosecution" to
   gain "tactical advantage" of the petitioner.  The collusion of the
   two sovereigns in such a matter is not permitted.  Dismissal of the
   indictment with prejudice is the only legal cure.

2) The federal trial judge/court "constructively amended" the indictment
   elements (of drug types) in it's charge to the jury.  Which require
   a new trial.

3) The federal indictment (outside of the dual sovereigns) double
   jeopardy argument... contains three sets of double jeopardy in
   ten counts charged.  Which require legally a new trial, with
   dismissal of (3) counts on a new indictment.

6

4)  The Supreme Court cases of Apprendi and Booker/FanFan constitutional
    and statutory protections were violated in the case at bar for all
    ten drug counts.  Requiring reversal and a new trial.

5)  Petitioner has a "general jury verdict" for multiple drug types in
    several counts of his indictment.  This requires a retrial and/or
    a resentence as the only legal cure.

6)  Petitioner was denied a "fair trial". When you combine all the
    issues presented.  The legal cure is reversal and a new trial.

7)  Petitioner had "ineffective counsel" at:
    1) Pre-trial
    2) Trial
    3) Sentencing
    4) And on direct appeal.

Requiring reversal of the convictions and a new trial ordered.

## ARGUMENTS

I)  The second federal prosecution for the same exact crimes as the
    prior states prosecution under the dual sovereigns doctrine violated
    double jeopardy.  As the first state prosecution was a "sham
    prosecution".  That was used as a "tool to gain" "tactical advantage"
    over petitioner in the second federal prosecution.

---

The collusion of the two prosecutors state/federal are undeniably shown.
The petitioner's federal prosecution was 100% identical to the state
acquitted murder charges and the attempted drug (poss/dist) charges.
That the state court 100% refused to charge.  As they would violate state
"misjoinder" laws.

     The primary evidentiary basis for the federal prosecution came
from the NYS prosecution investigation, and witnesses; the federal

7

prosecution took root to vindicate the NYS prosecutor who had failed to convict the defendant of murder 2nd and manslaughter arising out of exactly the same operative facts, i.e., the administration of drugs to the child one or more of which killed him. And the federal prosecutor had admittedly resolved to not make the same mistake his state predecessor had made... The defense received by priority mail the "discovery" for the federal case. It was all the prior state transcripts. The federal prosecution was 100% a <u>retry</u> of the state acquittal case. At trial in the federal system. The state testimony was had again. By the same exact witnesses.

The defense requested permission to call the NYS District Attorney prosecutor to explore the circumstances of the "most unusual circumstances" that would permit the defense to pierce the exclusivity barrier between the two prosecutors. but the trial court denied the defense application. The forfeit to the defense, in words of the court in <u>U.S. V. Davis</u>, was the evidence that could prove privity - that "most unusual circumstance;" necessary to overcome the "two sovereigns limitation on the invocation of collateral estoppel as a bar to subsequent litigation of the ultimate fact/evidence that had been the basis for the prior acquittal.

The cold hard record of the two prosecutions show the extreme (collusion/conspiracy) of the state/federal prosecutors to re-indict and convict petitioner. For the same exact crimes, using the same exact witnesses and the state records in federal court. The federal government had absolutely <u>no!</u> interest in this case, or aware of it. No joint federal/state investigation was had. It was only <u>after</u> the state acquittal for murder. That the state prosecutor decided to use the state failed trial as a <u>"tool"</u> of a "<u>sham prosecution</u>" to gain "<u>tactical advantage</u>" in a new federal prosecution. So he contacted the federal prosecutor and they conspired illegally in collusion to violate the "<u>double jeopardy</u>" clause of the constitution...

8

Proof of this is the cold hard record of the state/federal transcripts. That cannot be changed now.  The state prosecutor, attempted to get all the federal drug possession and distribution/possession charges filed in the state and joined to the two murder counts.  The state court/judge 100% refused to do so.  As this would violate the state "misjoinder" rules.  When this failed.  The state prosecutor went ahead with the two murder counts, and lost.  Petitioner was acquitted.  After the state murder acquittal.  The state prosecutor tried again, to indict the petitioner for the simple possession and (distribution/possession) drug counts contained in the federal indictment.  But the state court/judge ruled.  Under the "collateral estoppel doctrine" and "res judicata". This matter is over... Then and only then.  Did the state prosecutor decide to violate the double jeopardy clause.  By manipulating the two systems to achieve the equivalent of a second prosecution.

The federal appeal lawyer due to ineffective assistance of counsel. Brought this issue up.  But he didn't fully develop it, or show the appeal panel.  The exact actions of the state prosecutor to use the federal second prosecution to gain a "tactical advantage".  The state prior trial record was studied and the same exact witnesses were illegally terrorized by federal investigators and prosecutors over a (13) month period, using the prior state trial as a guide to correct the testimony errors in not obtaining a conviction in the state.  The prior witnesses now in federal court testimony was mold to suit for conviction.   Immunity was granted to these witnesses for any crimes they committed.   The state and federal prosecutions were 100% identical to the state charges acquitted of; and the state charges that was refused by the state judge.

Duel sovereign doctrine can be legal if the two below conditions for protection of the constitutional right to not be placed in "double jeopardy" are not violated.  As they were in this case at bar.

The dual sovereign doctrine is an exception to the collateral estoppel doctrine.

See:  Rinaldi V.  U.S. 434 U.S. 22 28 (1977) and Abbate V. U.S. 359
U.S. 187, 195 (1959)

Dual sovereign prosecution is legal... unless... "one sovereign
effectively controlled the other", see: U.S. V. Peterson, 100 F.3d 7,
12-13 (2nd cir. 1996) and Bartkus V. Ill, 359 U.S. 121 122-24 (1959),
"without specifically holding that an exception exists several circuits
have cited Bartkus as creating "sham prosecution" exception to the
dual sovereignty doctrine", see e.g. U.S. V. G.P.S. Auto Corp., 66 f.3d
483 494-96 (2d cir. 1995).. "Whether state action derived from federal
action made federal prosecution "tool" of state, rather than mere
cooperation also see U.S. V. Angleton, 314 F.3d 767 - 737 (5th cir. 2002)
"sufficient collusion" between authorities must be found to support a
"sham prosecution" to involve double jeopardy protection under the
dual sovereignty doctrine"...

U.S. V. Nelson, 277 F.3d 164 - 212 (2nd cir. 2002), no sham prosecution
because no evidence existed that state manipulated federal government
into engaging in federal prosecution.

See also... U.S. V. Davis, 906 F.2d 829 834-835 2nd cir. 1990 "burden
on defendant to establish U.S. played role as "laboring oar" in conduct
of state proceeding and federal prosecutors, actively aided state
prosecutors during trial.

U.S. V. Solis, 299 F.3d 420, 435 (5th cir. 2002), burden on defendant
to establish "prima facie" case of collusion between state and federal
law enforcement officials in successive prosecutions.

Finally see U.S. V. Baptista-Rodriguez, 17 F.3d 1354 - 136 (11th cir.
1994) "burden on defendant to establish "prima facie" that "one sovereign
was so dominated, controlled or manipulated by the actions of the other
that it did not act on it's own volition"....

10

First, although mere cooperation between state and federal agents
will not preclude a subsequent federal prosecution, federal and state
authorities may not manipulate a system to achieve the equivalent of
a second prosecution, as shown above in case-law. Also shown is the
second circuit recognize the "exeption" to dual sovereign "double
jeopardy" prosecutions. (If) one sovereign effectively controlled the
other, and the state trial was a "sham prosecution" used as a "tool"
to gain "a tactical advantage" over petitioner in a second prosecution.
Also collusion between the state and federal prosecutors must be shown...
U.S. V. Peterson, 100 F.3d 7 12-13 (2nd cir. 1996).

The appeal attorney brought up this argument on direct appeal.
But did not fully explain to the panel or show with proof. The collusion
of the state and federal prosecutors. The state prosecutor "controlled"
the federal prosecutor and manipulated the dual sovereign system. By
planning in advance of the state acquittal. That if it was a "loss".
He would contact the federal system, and did. He also dominated the
evidence and trial in the federal system. By supplying the federal
prosecutor with the complete state file and witnesses weaknesses. The
state testimony was 80% of the federal trial. But the trial court/judge
would not allow the federal jury to know. This was a retrial of a state
acquittal case. The federal government had zero interest in this case or
wished to prosecute... "until"... contacted by the state prosecutor.
Who lost the trial, and lost the desire/wish to add the drug charges
against petitioner.

In the federal prosecution coach by the state prosecutor. The
petitioner was 100% indicted, as the state prosecutor wanted. The
federal prosecutor even stated in the minutes. "He would not make the
mistakes of the state". Which show the state prosecution was a "sham"
to gain "tactical advantage" over the defendant. If he was acquitted.
This second prosecution violated double jeopardy.

Second proof that this was a violation of double jeopardy.

11

By the state controlling and manipulated the federal system.  Is the
collusion of the state/federal prosecutors to mold a misjoinder prejudice
indictment of (8) drug counts around the "death distribution" counts
of his son.  And the federal prosecutor 100% ignoring the department
of justice internal practice known as the "petite policy" that allows
the federal government to bring a successive prosecution only when there
are compelling reasons to do so and the prosecuting attorney obtains
prior approval from the assistant United States Attorney General...
See.... U.S. Department of Justice U.S. Attorney Manual §9-2-031 (2007)
"describing mechanics of petitite policy.  See also Petite V. U.S.
361 U.S. 529 - 530 - 31 (1960) (per curiam).

The petite policy applies only if the defendant is actually brought
to trial in state court.  Because the petite policy is merely an  internal
procedure of the department of justice, a defendant may not invoke it to
seek dismissal of an indictment.  See:

U.S. V. Peterson, 233 F.3d 101 (1st cir. 2000)
U.S. V. Wilson, 413 F.3d 382 (3d cir. 2005)
U.S. V. Jackson, 327 F.3d 273 (4th cir. 2003)

"Petite policy confers no rights on accused"...

But the non compliance of the petite policy by the federal prosecutor
show that he was "controlled" and "manipulated" by the state prosecutor
to proceed and indict again, at all costs.  Had the federal prosecutor
followed its own attorney general rules (inside) the department of justice.
Who would have reviewed the state case, then refused to indict is
"unknown".  This warrant at the least.  A "evidence hearing" with a
assigned lawyer.  To expand the record, and examine the "collusion"
"manipulation" of the state over the federal prosecutor.  The state
prosecutor aid the federal prosecutor 100% to get the fail state prosec-
ution into federal court.  When the federal system had no interest in
the case or even aware the case existed.

12

Both trials had the same charges wrapped in different statutes cites, the same exact witnesses. Matter of fact the federal trial had the state trial testimony mixed into it 80%... with the other 20% add on. Due to the expansion of (8) drug counts added to the federal indictment.

Petitioner indictment must be dismised with prejudice. As the federal prosecution was in violation of double jeopardy. Due to a "sham" first state prosecution. Which the state then turned to the federal system to "manipulate" the second prosecution and the federal prosecutor ignored its own internal safeguards to stop a "double jeopardy" violation in protection of petitioner's constitutional and statutory rights.

II  The trial (court/judge) constructively amended the indictment drug counts in violation of law

Exhibit "F" - attached. Is the judge charge to the jury.

The federal indictment in counts (4), (5) (8) and (9) contain multiple drug type drugs. As shown below:

Count four:  Heroin and morphine and oxycodone and hydromorphone
Count five:  Morphine and hydromorphine
Count eight: Heroin and morphine and oxycodone and hydromorphine
Count nine:  Heroin and marijuana, and ecstacy and morphine and oxycodone and hydromorphine and cocaine and fentanyl.

The indictment elements of the proof required for conviction of each count is that every drug type listed in the count be found by the trial jury. Such as count eight(4) drug types. The trial jury must find each and every (4) drug types were possess or distributed. Not only one or two. "All" of them. The indictment reads for counts (4) (5) (8) and (9) multiple type drugs... Count (4) distribute heroin and morphine, oxycodone and hydromorphone.

13

Count (5) distribute morphine and hydromorphOne ·
Count (8) possess heroin and morphine and hydromorphine
Count (9) posses heroin and marijuana and ecstacy and morphine and
cocain and fentanyl and oxycodone and hydromorphOne.

The judge charge to the jury. "Constructively amended" the indict-
ment drug counts by "narrowing" the multiple type drugs charged to only
one. He told the jury. They need onlyy find (1) type out of the
multiple types charged in the indictment to find guilt on the count.
This was in violation of the law. Only the grand jury can change a
indictmnet counts. No one else legally can, as the trial judge did...
In the english dictionary the word (and) means... "connecting words,
clauses, or sentences to be take jointly (addition - two and two (joined)
not separate)"...

The word (or) definition is... "1) introducing an' alternative "white
or black" one or the other".

The indictment drug counts for multiple type drugs legally require.
The trial jury to find each and every drug type in the count had to be
(poss/dist) by the petitioner. Not one type or two. But all charged
type drugs in any single count... As "and" mean (joined as one) for
convictions purposes.

The trial judge told the jury. It can find (1) drug type out of
any multiple type drugs in a count, to find guilt. This was the illegal
violation of the law. The court narrow the elements of guilt to convict
and this changed the indictment counts.

See Exhibit "F" - Judge charge to the jury at pages:

(1) Page 1157 - "Each and every element in the indictment counts the
government must prove".

14

(2) ₀Page 1157 - "I instruct you on the applicable law.   It is your
duty to follow these instructions and law I give to
you".

(3)  Page 1159 - "The government must prove defendant committed every
element of the offense charged".

(4)  Page 1171 - "Defendant must be guitly as charged in the indictment
with my instructions.  Each count is separate".

(5)  Page 1175 - "My charge law applicable to all the counts in the
indictment".

(6)  Page 1177 - "Must be found guilty of poss/dist of drugs in each
count charged".

(7)  Page 1180 lines 3-12 - The judge instruct the jury count (4) the
first of the multiple drug types in one count.  He reads the indictment
count as charged telling the jury.  The count charges to distribute
heroin and morphine and oxycodone and hydromorphine each and every drug
type charged must be found by the trial jury for guilt of this count.
At page 1180 lines 13-25 also covers counts three.

At page 1181 lines 1-10.  He instructs the jury, the government must
prove that each of the  elements in counts one, two and seven (drug types)
must be found together not singlely. Then compare the above to the
constructive amendment of the indictment counts below.

At page 1181 lines 11-22.  Count (4) was constructively amended.  He told
the jury.  The government must prove heroin of morphine or oxycodone or
hydromorphine.

15

And the jury must be unanimous as to which substance was distributed as to count four.  This instruction "narrow" count(4) to a finding of only (1) drug type out of the four charged.  This changed the indictment and is a constructinve amendment outside the vote of the grand jury.

At page 1181 line 23-25 count(5) multiple type drugs was constructively amended.  Once again he instructed the trial jury.  "Morphine or Hydro-morphine".  Not a finding of both as charged in the indictment.  (Either "or", one or the other).  This is not what the indictment charges.  It is even more glaring.  As both drugs were the cause of the kids death, and the trial testimony stated that both drugs caused the death without a finding by the jury that both drugs caused the death.  This count cannot stand.  One of these drugs alone would not cause the death.  As shown in the trial minutes.  This narrowing of count(5) is a constructive amendment of the indictment and legally not permitted.

Counts (8) and (9) multiple drug types at page 1184 lines 21-25 and page 1185 the judge read the indictment counts at page 1186 lines 2-9.  He constructively amends counts (8) and (9) multiple drug types charged to a mere finding of only one type.  By stating "or" and not all.

Hence as shown counts (4) (5) (8) and (9) drug counts were " construct-ively amended" in violation of the law.  Additionally the entire (45) page jury charge read as a whole.  Will show the slight of hand to narrow the indictment charges illegally by the trial court, using "organized confusion" to the trial jury.

See: Stirone V. U.S., 361 U.S. 212 217-219 (1960)

(Amendment of indictment violates 5th amendment grand jury clause)

All the below cases state:  1)  A constructive amendment is not allowed.

16

2) Constructive amendment pre se 5th amendment violation when jury
receives instruction on grounds for conviction not fully contained in
indictment and must be corrected on appeal even if defendant did not
preserve issue by objection.

Haines V. Risley, 412 F.3d 285 (1st cir. 2005)
U.S. V. Milstein, 401 F.3d 53-65 (2nd cir. 2005)
U.S. V. Thomas, 274 F.3d 655-671 (2nd cir. 2001)
U.S. V. Randall, 171 F.3d 195-210 (4th cir. 1999)
U.S. V. Nunez, 180 F.3d 227-231 (5th cir. 1999)
U.S. V. Combs, 369 F.3d 925-936 (6th cir. 2004)
U.S. V. Ramirez, 182 F.3d 544-546 (7th cir. 1999)
U.S. V. Maynie, 257 F.3d 908-21 (8th cir. 2001)
U.S. V. Shipsey, 190 F.3d 1081 (9th cir. 1999)
U.S. V. Narog, 372 F.3d 1243 (11th cir. 2004)
U.S. V. Syme, 276 F.3d 131-151 (3rd cir. 2002)

Counts (4), (5), (8) and (9) were constructively amended in direct
violation of law. A new trial must be had. As no one can second guess.
A trial jury verdict. Or dismiss counts (4), (5), (8) and (9).

17

III  The federal indictment ten counts has three double jeopardy
     groups contained on one indictment in violation of law
     (outside of the dual sovereign double jeopardy issue)

---

Multiplicity are charging the same charges in different counts
of one indidtment and violate the double jeopardy clause... see
Abney V. U.S., 431 U.S. 651, 661 (1997), ".. double jeopardy
challenges immediately appealable because double jeopardy clause
protects against even "risk" of trial, including "personal strain,
public embarrassment, and expense of a criminal trial more than
once for the same matter"...

Multiple charges and offenses; the double jeopardy clause
protects against the risk of double punishment by guaranteeing
that a defendant will not be put to trial twice for the same
offense.  See: Ashe V. Swenson, 379 U.S. 436-446 N-10 (1970)
"...with the advent of specificity in draftsmanship and the extra-
ordinary proliferation of overlapping and related statutory
offenses, it became possible for prosecutors to spin out a start-
lingly numerous series of offenses from a single alleged criminal
transaction.

The test for the alleged sets of multiple prosecutions for
single or related acts in this case at bar for double jeopardy
violations are; whether the same transaction violates two distinct
statutory provisions. See: Blockburger, 284 U.S. at 301 and 413
f.3d 244 (2nd cir. 2005).  And whether each provision (counts of
indictment) requires proof of a fact that the other does not.  See:
Blockburger at 284 U.S. at 304 and U.S. V. Lemourne, 474 F.3d 37
(1st cir. 2007).

Look at the indictment counts:

18

Count (1)   Distribute heroin in Feb. 2005 §21:841(A)(1)

Count (2)   Distribute morphine in Feb. 2005 §21:841(A)(1)

Count (3)   Distribute morphine in Feb. 2005 §859(A) and 841(A)(1)(minor)

Count (4)   Distribute heroin, oxycodone, hydromorphone in Feb. 2005
            §859(a) and 841(A)(1)(minor)

Count (5)   Distribute morphine, hydromorphone Feb. 2005 §841 and 841(B)
            (1)(C)(result death)

Count (6)   Distribution olanzapine Feb. 2005 §331(K) 353(B)(1) and 333

Count (7)   Distribution of morphine 2002 §21:841(A)(1)

Count (8)   Possession of heroin, morphine, oxycodone, hydromorphone
            Feb. 2005 §21:844(A)

Count (9)   Possession of heroin, ecstasy, oxydodone, fentanyl, marijuana,
            morphine, cocaine, 2004 §21:844(A)

Count (10)  Possession of morphine December 2002 §21:844(A)

Counts (6) and (7) were acquitted counts leaving (8) counts of
conviction... First counts four and five "are double jeopardy" as
count (4) is a lesser included offense of count (5) resulting in death.
Both counts are the same dates and contain the same drugs hydromorphone.
Plus other drugs. You cannot separate the facts to convict on both
counts are exactly the same. Then the judge charge the jury. You need
only find one (1) type of drug out of the many in any count to convict.
"Outside" the indictment charges. Counts(4) and (5) are the same exact
charge. Just the lesser included offense of distribution -vs- resulting
in death statute. The prosecutor attempts to hide the double jeopardy
by using §859(A) in count(4) with 841(A) and using §841 and 841(B)(1)(C)
in count (5). Both these counts are the same and a double jeopardy
violation.

Count (8) possession of heroin, morphine, oxycodone, hydromorphone
in Feb. 2005 is the lesser included offense of counts (1), (2), (3), (4)
and (5) possession/distribution drug counts. All the dates are the same,
with the same exact drugs. In violation of double jeopardy.

19

A single offense is split into several offenses to prejudice the petitioner at trial, to get several shots at a conviction for the same acts. In violation of the double jeopardy clause. This is known as "stacking" the indictment to gain a advantage at trial or a plea.

Counts (7) and (10) are the same exact charge with the same drug types and dates. Even though petitioner was aquitted of count (7). It still was a violation of the double jeopardy clause, and in front of the trial jury. Who it 100% influenced. As the acquittal was by the judge not the jury. If the dist. charge was acquitted. How can the lesser offense stand for the same exact charge?

Petitioner counts (4) and (5) were the first double jeopardy. Petitioner count (8) is double jeopardy to counts (1), (2), (3), (4), and (5) as the lesser included offense. This was the second double jeopardy.

Petitioner counts (7) and (10) were double jeopardy. Whidh a acquittal cannot cure the prejudice exposure or denial of the right, not to be put in double jeopardy for the same offense twice.

In a ten count indictment, with counts (6) and (7) acquitted. It leaves counts 1, 2, 3, 4, 5, 8, 9 and 10 convicted of a trial by jury. Note every single count of the indictment has a double jeopardy problem except count (6). Which petitioner was acquitted of. This is even more glaring. When you factor in the reason,,,..the state court refused to join the (8) other counts of drug possesion distribution to the state indictmnet. Due to a violation of "misjoinder rules" and "double jeopardy" restrictions. In the state. The federal government ignored AND circumvent the two above legal restrictions and constitutional and statutory protections. In order to win a conviction. At any cost. The only legal cure at this time for this case at bar, is to reverse the convictions. Remove all the double jeopardy counts, and reindict, without the prejudice misjoinder of unlike crimes.

20

Finally the sentences for all the double jeopardy counts.  Shown 100% prejudice did attach to petitioner.  See: Exhibit "E" - which is the federal judgement and committment.

IV  **The indictment in the case at bar, violate the Supreme Court case-law in "Apprendi" and the sentences given violate Supreme Court case-law of Booker/FanFan**

---

Apprendi S.Ct 530 U.S. 466, 120 S.ct 2348 (2000).  Requires the indictment to charge the relevant drug amounts on the face of the indictment.  So the statutory sentence-increasing facts can be had at re-sentence, for sentence enhancements and statutory maximums.  A specific drug quantity for each drug type must be on face of the indictment. In this case at bar no amounts were listed on the indictment, the most likely remedy will be resentencing within the statutory range corresponding to the lowest grade of the offense... Additionally combined with the below issue # (5) "General jury Verdict" for multiple drug types. Petitioner (8) sentences reflected on the judgement/committment order are illegally incorrect.  A new trial is required as the jury was not instructed on an essential element of the offense with what petitioner was charged.  By the trial judge constructively amending the indictment, The jury verdict sheet (See: Exhibit "C" jury verdict sheet), lists no amounts for the different types of drugs.

Drug quantity is an element under Apprendi.  Where a factual determination of the amounts of drugs may result in a sentence that exceeds a maximum sentence prescribed in the applicable statute... See: United States V. Pratt, 239 F.3d 640, 646-47 (4th cir. 2001), United States V. Aguayo-Delgado, 220 F.3d, 926, 933 (8th cir.), United States V. Doggett, 230 F.3d 160-65 (5th cir 2000).  In light of Apprendi it is now clear that, in drug cases under §21:841 and 846, before a defendant can be sentenced to any of the progressively higher quantities of drugs specified in subsections 841(B)(1)(A) or (B)(C), the

government must state the drug type and quantity in the indictment,
submit the required evidence to the jury, and prove the relevant
drug quantity beyond a reasonable doubt.

In the instant case the government did not come close to satis-
fying the requirements of Apprendi. the indictment had zero specified
quantities of drugs alleged in any count. Then the jury verdict sheet
form lists zero quantity of (10) drug counts. Therefore it cannot be
found that the jury's convictions of those counts were based on any
specific factual findings as to drug qaunbity.

It is undisputed that the quantity of controlled substances involv-
ed was a decisive factor involved in this defendant drug sentences.
Look at the judgement and committment order. Petitioner was sentenced
to:

Count (1)   240 months (20 years)
Count (2)   240 months (20 years)
Count (3)   360 months (30 years)
Count (4)   360 months (30 years)
Count (5)   360 months (30 years)
Count (8)   12 monbhs (1 year)
Count (9)   12 months (1 year)
Count (10)  12 months (1year)

All running concurrent for a max of (30 years). How did the
sentence court find the amounts to warrant these sentences for the
drugs? He cannot find the amount (outside) the jury verdict. This
violate Apprendi caselaw. Additionally how did the court enhance
§21:841(B)(1)(C) penalty for "death or bodily harm". Without filing
a title §21:851 prior felony information? Petitioner max for counts
2, 3, 4, is (20 years) not (30). The prosecutor must produce the filed
§21:851 for a prior to enhance from 20 - life(to) 30 - life under
§21:841(B)(1)(C). Also it must be filed prior to trial or no good.

22

See Labonte S.Ct 137 L.ed 2d (1001) 1997 page 1008.  Footnote #1.
§21:851 is a jurisdictional requirement to file, or the criminal
defendant cannot be enhanced, under §21:851:841.

In light of the above determinations.  Petitioner should have
his convictions vacated and a new trial ordered.  As the jury did
not convict on the elements of exact drug amounts for (12) different
drug types or a re-sentence had based on the lowest drug type and
amounts possible.  As shown in issue #5 below for a "general jury
verdict" for multiple drug types without a finding of amounts.

Finally you add S.Ct caselaw Booker/FanFan legal protections Booker/
Fanfan #04-105 S.Ct (2005)

Combine with Apprendi both state: ... "other than the fact of a prior
conviction, any fact that increases the penalty for a crime beyond the
prescribed statutory maximum must be submitted to a jury, and decided
beyond a reasonable doubt"...

Petitioner convictions must be reversed and a new trial ordered and/or
resentence petitioner to the least type and amount of the listed drug
types.

V   Petitioner was convicted of a "General jury Verdict" for multiple
drug types in violation of Supreme Court caselaw "Edwards" 140 L.ed
2d 703 (1998)

---

Edwards S.ct caselaw is the lead case for a "general jury verdict" for
multiple drug types Edwards state: "(o)f course petitioner's statutory
and constitutional claims would make a difference if it were possible
to argue, say, that the sentence imposed exceeded the maximum that the
statute permits for a cocaine - only conspiracy.  That is because a
maximum sentence set by the statute trumps a higher sentence as set
forth in the guidelines...

See: Ziglett 2nd circuit #00-1421 (2002 U.S. App Lexis 6023, argued
November 6, 2001 Decided April 4, 2002.  The trial court found the
amounts "above" the statutory maximum amounts found by the jury in
violation of this petitioners sixth amendment rights.  Ziglett 2nd cir
caselaw lists that the entire country does follow the law of "general
jury verdict" of guilt for multiple drug type and (amounts/weights),
and lists the Supreme Court and states every court of appeals in the
entire country support "general jury verdict" reversals of sentences
or retry is the "only" legal cure for such a conviction.  Petitioner
must be re-sentenced to the least weight/type of drug amounts found by
the trial jury in multiple drug types in a single count, and "not" the
trial judge, prosecutor or the probation department found drug amounts
"outside" the trial evidence or the jury verdict sheet.  No one can
second guess a jury verdict of guilt at this point, for the drug amounts.
If this court do not resentence.  Then the only other legal cure is
reverse and retry the entire case.  As all (10) counts were drug counts.

See: Edwards V. United States, 140 L.ed 2d 703 (1998)
     Orozco-Prada V. United States, 732 F.2d 1076 (2nd cir. 1984)
     United States V. Quickey, 523 F.2nd 337 (4th cir. 1976)

24

United States V. Fisher, 22 F.3d 574 (5th cir. 1994)
United States V. Dale, 178 F.3d 429 (6th cir 1999)
United States V. Nicholson, 231 F.3d 445 (8th cir. 2000)
United States V. Owens, 904 f.2d 411 (8th cir. 1990)
United States V. Nordby, 225 f.3d 1053 (9th cir. 2000)
United States V. Buckland, 277 F.3d 1173 (9th cir. 2002)
United States V. Newman, 817 F.2d 635 (10th cir. 1987)
United States V. Brown, 112 U.S. app 299 F.2d 438 (D.C. Cir. 1962)
United States V. Riley, 142 F.3d 1254 (11th cir. 1998)

Petitioner jury verdict sheet is a "general jury verdict" with
multiple drug types in (4) counts. No amounts of each drug was found
by a "special jury verdict sheet" as required in a multiple drugs in
a single count indictment.

This petitioner must be re-sentenced to the least type and amount
of drugs in every single count of the indictment, that has multiple
type drugs. If no re-sentence granted. Then the only other cure is
a reversal of all counts and a re-try or dismissl of all counts with
prejudice.

VI  Petitioner was denied the right to a fair trial.  By the cumulative
    case facts

The sixth amendment provides that an individual accused of a crime
has the right to a trial by an impartial jury U.S. constitution. Amend
VI.  States: "(I)n all criminal prosecutions the accused shall enjoy
the right to a speedy trial and public trial, by an impartial jury of
the state and district wherein the crime shall have been committed...
See: U.S. V. Korey, 472 F.3d 89-96 (3d cir. 2007)
     U.S. V. Gonzalez, 214 F.3d 1109 (9th cir. 2000)
     U.S. V. Martinez, 214 F.3d 543 (11th cir. 1994)
     U.S. V. Luffred, 911 F.2d 1011 (5th cir. 1990)

25

<u>U.S. V. Cunningham</u>, 145 F.3d 1385 (D.C. cir. 1998)
<u>Kittleson V. Dreke</u>, 426 F.3d 306 (5th cir. 2005)
<u>Fukher V. Motley</u>, 444 F.3d 791 (6th cir. 2006)
<u>Murillo V. Frank</u>, 402 F.3d 786 (7th cir. 2005)

The above cases crux is: The trial jurors must not be "manipulated" into trying a criminal defendant on charges in violation of constitutional and statutory rights. Which denie a "fair trial" to a accused. All combined/cumulative violations, made the trial jurors "impartial".

1) The dual sovereign doctrine bar to "double jeopardy" by the state court controlling and aiding the federal prosecution, was the denial to a <u>fair trial</u>.

2) Constructive amendment of four counts of the indictment, denied petitioner a fair trial. By the trial court.

3) Violation of S.Ct caselaw statutory and constitutional protections of the sixth amendment for Apprendi and Booker/FanFan. Denied the right to a fair trial.

4) The general jury verdict for multiple drug counts. Show the denial to a "fair trial". As the elements for sentencing, the drug amounts were "withheld" from the jury, and violated the statutory maximums of amounts for conviction/sentence.

5) The ineffective assistance of counsel shown below at;
   1) Pre-trial
   2) At trial
   3) At sentencing
   4) On direct appeal denied petitioner a fair trial and make the trial jury "impartial" unknowingly to them, as lay people at law. Told to follow the judge instructions "without" thought.

6) The triple set of "double jeopardy" in a ten count indictment (multiplicity drug counts) denied petitioner a fair trial and make the jurors "impartial".

26

7.) The bias and impartial trial judge refusal to disclose that a exact state prosecution for the same exact crimes, using the same exact witnesses. Resulted in a state acquittal. Denied petitioner the right to a fair trial.

The cumulative effect of the statutory and constitutional violations of law above. Denied petitioner the right to a fair trial.

8) The trial indictment was defective as it contained;
1) No drugs amounts
2) Three sets of double jeopardy in (10) counts
3) Dual sovereign "double jeopardy"
4) A violation of sentence maximums for the least type drug in multiple drugs for a single drug count (general jury verdict) conviction was caused by the trial indictment failure to list drug exact amounts. Ineffective counsel allow the time bar to be circumvented for a indictment challenge.

No! Criminal defendant can have a fair impartial trial faced with these (8) violations of constitutional rights. In totality/combined these errors of due process denied this criminal defendant the right to a fair trial, and legally the entire indictment must be dismissed with prejudice, never to be tried again in the interest of justice and legal fair play. Finally to put a overzealous illegal second prosecution in legal check forever.

VII  Petitioner had ineffective assistance of counsel at;
1) Pre-trial
2) At trial
3) At sentencing and
4) On direct appeal

---

Counsel "has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process". See: Strickland V. Washington, 466 U.S. 668 (1984). Trial counsel is obligated to have a general comprehension of the law governing the cASE at issue.

Counsel's failure to recognize change in the law was ineffective assistance, Lewandowski V. Makel, 949 F.2d 884-887 (6th cir. 1991); United States V. Loughery, 908 F.2d 1014 (D.C. cir 1990); Iaea V. Sunn, 800 F.2d 861, 865 (9th cir. 1986). Also see: Henry V. Scully 78 F.3d 51 (2nd cir. 1996) "... Trial counsels cumulative errors and ommissions amounted to ineffective assistance of counsel in violation of the precepts of, Strickland.

Jemison V. Foltz, 672 F. Supp. 1002 (E.D. Mich. 1987)
Harris by and though Ramseyer V. Wood, 64 F.3d 1432 (9th cir. 1995)
Housewright V. Harris, 697 F.2d 202 (8th cir. 1982)
Towers V. Harris, 405 F.Supp 497 (D.Del 1974)
Nealy V. Cabana, 764 F.2d 1173 (5th cir. 1985)

As such the "combined" ineffective assistance of counsels "cumulative errors" resulted in a denial of a right to a fair trial, and require reversal of the convictions and a new trial.

1) Pre-trial the assigned counsel did not know or understand the existance of the (multiplicity) dou ble jeopardy of the indictment drug counts and did nothing to challenge the defective indictment. This denied petitioner a fair trial.

2) Pre-trial the assigned counsel did not know or understand the violations of S.Ct caselaw for Apprendi (drug amounts must be listed on indictment) S.Ct Booker/FanFan (sentence cannot exceed the statutory maximum, unless found by a jury (amounts of drugs). Finally S.Ct case Labonte; "That 21:851 prior felony information must be filed or no enhancement possible and S.Ct case Edwards general jury verdict" for multiple type drugs sentence limitations or retry. These four above Supreme Court cases protect petitioner statutory and constitutional rights. Which the lawyer assigned knew nothing about, or filed no protective motions for. This denied petitioner a fair trial.

28

3) Pre-trial the assigNEd counsel did not inform defendant of the
governments plea offer.


See; <u>U.S. V. Gordon</u>, 156 F.3d 376 (3nd cir. 1998)
<u>U.S. V. Purdy</u>, 208 F.3d 41 (2nd cir. 2000)
<u>U.S. V. Cullen</u>, 194 F.3d 401 (2nd cir. 1999)
<u>Boria V. Keane</u>, 99 F.3d 492 (2nd cir. 1996)


4) Pre-trial assigned counsel did not have an independant chemical
analysis performed on the body of petitioner's dead son to rebutt
the prosecutors expert witness. Who changed the theory of death
in "mid-stream" of the trial. See; U.S. V. Butler, 988 F.2d 537
(5th cir. 1993). Had counsel gotten an independant chemical
analysis. It would have shown the cause of death cannot be had,
as explained by the prosecutor expert at trial.


5) Pre-trial counsel assigned failed to investigate fully the "changed"
"perjury" testimony of the witness. Who also testified in state
trial for the same exact murder. Petitioner was acquitted in the
state. Had he done so. And compared the two "different" sets of
testimony from the same exact witnesses. The witnesses would have
been shown to have two complete different versions of the facts
and been impeach. With petitioner winning a acquittal in second
federal prosecution. See; <u>Nelson V. Hargett</u>, 989 F.2d 847 (5th cir.
1993).

At trial assigned counsel failed to protect his client by...

1) At trial the trial judge refused to tell the federal jury, this was
a <u>second</u> federal prosecution from a state trial acquittal for the
same murder. Counsel could have put in a cross appeal and stopped


29

the trial, until this very serious question was answered by a, appellate
court, petitioner asked the lawyer to do so, and he refused.

See; Clark V. Blackburn, 619 F.2d 431 (5th cir. 1980)
     Nealy V Cabana, 764 f.2d 1173 (5th cir. 1985)
     Beasly V. United States, 491 F.2d 687 (6th cir. 1974)
     Strickland V. Washington, 466 U.S. 668, 695-96 80 L.ed 2d 674,
     104 S.Ct 2052 (1984)... "errors with the persuasion effect of
     altering the evidentiary picture".

2)  At trial counsel did not develop the entire procedural history of
    the prior state murder trial acquittal and compare it to the federal
    case for defense purposes.  He skim the surface of the issue.  This
    caused petitioner to be charged and tried for a double jeopardy
    murder.  See: Henry V. Poole, 409 F.3d 48 (2nd cir. 2005), and
    U.S. V. Russell, 221 F.3d 615 (4th cir. 2000)

At sentencing trial counsel did not know or understand these laws;

1)  At sentencing counsel assigned did not know about the sixth amendment
    sentence protections of S.Ct Apprendi and Booker/FanFan, sentence
    restrictions.  Which allowed petitioner to receive a higher sentence
    over his "offense statutory maximum".  For the drug amount.

2)  At sentencing counsel assigned did not know about the requirement
    that before you can enhance under 21:841(B)(1)(C).  You must have
    a filed information under Labonte S.ct caselaw.  Petitioner received
    a (30 year) sentence instead of 20 years due to this eror.

3)  At sentencing counsel assigned did not know about the S.Ct caselaw
    protections for a "general jury verdict" with multiple drug types
    S.Ct Edwards.  This caused petitioner to receive several illegal

30

sentences above his otherwise legal "offense statutory maximum for the least type drug and weight of any drug in the count.

See; U.S. V. Allen, 88 F.3d 769 (9th cir.1996)
     Ednes V. Hannigan, 87 F.3d 1109 (10th cir. 1996)
     Nichols V. U.S., 75 F.3d 1137 (7th cir. 1996)
     U.S. V Acklen, 47 F.3d 739 (5th cir. 1995)

On direct appeal. The assigned counsel did not know or understand the merits of the issues presented on this first §2255 or the caselaw in support of them from the Supreme Court.

Petitioner asked the appeal attorney to appeal these issues on this §2255 and not what he came up with. The result was a direct appeal denial order of all the issues. This was due to ineffective assistance of counsel. Had appeal counsel knew of and understood the caselaw cited in S.Ct cases of "Labonte, Edwards, Apprendi, Booker/FanFan. Petitioner would have won his direct appeal.

4) Trial counsel did not call in expert defense witness to rebutt the government witness on the cause of petitioner's son death is ineffective assistance of counsel, as it let the government expert to run rampant "unchecked". See: Lindstad F. V. Keane, 239 F.3d 197 (2nd cir. 2001). Gersten V. Senkowski: 426 F.3d 588 (2nd cir. 2005)... lack of defense counsel to call defense experts to legally check government expert. As to correct science of the case facts, is ineffective counsel.

5) Trial counsel was ineffective for allowing the government to "overwhelming surprise" testimony of Dr. Middleburg. The discovery given to the defense for this doctor testimony was based on the theory of cause of death. Then at trial on the stand. The theory was "switched" in a split second to another one. Because of switch in testimony. Defense could not bring in a expert defense witness for rebuttal and legal check.

31

Trial counsel was ineffective for "not" motioning for a mistrial at this point, in this case at bar.

## CONCLUSION

The second circuit in <u>United States V. All assets of G.P.S. Automotive</u>, 66 F.3d 438 (2nd cir. 1995) (Calabresi J. Concurring) State; ....Notably one member of the second circuit has called for a re-examination of the duel sovereignty doctrine and/or an expansion to that doctrine in light of the recent growth of federal criminal law and recent instances of successive (federal-state) prosecution... this case at bar, is such a case to re-examine the doctrine, and correct the theory of law to limit these successive "double jeopardy" trials.

Petitioner dual sovereign doctrine "double jeopardy" issue due to a prior state acquittal for the same exact murder, using the same exact witnesses and testimony from the state murder "acquittal" trial. Combined with the state controlling the federal prosecution to make the federal system a "tool" is a violation of double jeopardy and require legally "dismissal" of all counts with prejudice.

The constructive amendment of the trial indictment counts by the judge in his jury charge. Require dismissal of the convictions and a new trial ordered. The judgement and commitment order has exact dates of the drug counts committed crimes (outside) the trial record in violation of law and the jury verdict, testimony at trial. The indictment contains (multiplicity) double jeopardy counts.

Three separate sets of douple jeopardy exist in a (10) count indictment. Denying the petitioner a fair trial. Requires dismissal of the indictment with prejudice and vacating all the sentences.

The denial of petitioner sixth amendment rights at trial and sentencing. Due to S.Ct cases <u>Labonte, Edwards, Apprendi and Booker/FanFan</u> requires reversal of the convictions and retry.

32

The non-filing of a §21:851 for §21:841(B)(1)(c) enhancement require vacation of counts 3, 4, and 5 and a re-sentence.

The <u>cumulative</u> counsel errors amount to ineffective assistance of counsel requiring reversal of convictions and a new trial.

The denial of a right to a fair trial.  When you take in the "<u>totality</u>" of all the errors.  Warrant reversal of all convictions and a new trial.


Respectfully submitted,


Cobin Douglas Sr. (Pro Se)


May 25, 2010

## EXHIBITS

A) Federal indictment #07-cr-00068 (TJM) Feb. 1, 2007

B) State indictment #2005-028 Feb. 27, 2005

C) Jury verdict form (federal) August 16, 2007

D) Second Circuit Court of Appeals "denial" opinion for #08-0597
   June 29, 2009

E) Judgement/committment order for indictment #07-Cr-000068 (Jan. 25, 2008)

F) Judge charge to trial jury for #07-cr-00068 (trial transcript)